NichoIiSON, C. J.,
delivered the opinion of the court.
This is a motion against -the sheriff of Jefferson county, for insufficient returns on an execution and venditioni exponas.
Judgment was rendered at September Term, 1870, against Sawyers & Hammond for $310.90, in favor of 'Glenn. Execution was issued, returnable to 1st Monday of March, 1871, and levied March' 3d, 1871, on two small tracts of land as the property of Hammond, but no such description given as to identify the land. This execution was returned for want of bidders, and a venditioni exponas issued on the 14th of March, 1871, returnable to 2d Monday of September, 1871. Vendi-tioni exponas was returned August 7th, 1871, land not sold for want of bidders.
An alias venditioni exponas issued October 2, 1871, and came to sheriff’s hands October 20th, 1871 — no return made.
On the 29th February, 1872, the sheriff was notified by defendant in error that motion would be made against him on the 19th of March, 1872, at the Special Term of this court. Before the motion was made, the sheriff had leave to amend the return of the execution, so as to describe fully the lands levied on. Afterwards, at the Special Term in March, 1872, the motion for judgment for insufficient return, etc., was ■entered but no action taken.
On the 21st of March, 1872, a plwries venditioni „exponas issued, with the land, levied on properly described. On the 6th of August, 1872, this process was *756 returned, with the endorsement that the land was sold— one tract bringing $7.50, and the other $15, the proceeds, except' $1.90 for levy and commissions, sent to office by express.
The question now is, whether the defendant in error is entitled to judgment against the sheriff and his securities upon the insufficient return made upon the first execution, or upon the non-return of the venditioni ex-ponas which issued October 2, 1871 ? It is clear that for these failures of duty he was in default and liable-to judgment- by motion. But after the defective return on the execution was amended, and after the motion for judgment was entered and continued over to the next term, a pluries venditioni exponas was issued, on which the sheriff sold the land levied on and made part of the money. Lid the defendant in error waive. his right to judgment for the insufficient return on the ' execution or for the non-return of the alias venditioni exponas, by issuing a plwries venditioni exponas and receiving a part of the money? It was held, in Trigg v. McDonald, 2 Hum., 386, that in such a state of facts the creditor thereby waives his right of action against the sheriff for a false return; but in Doyle v. Glenn, 4 Hum., 309, it was held, that such a state of facts is no waiver of the plaintiff’s right to motion for non-return of execution; and in Barnes v. White, 2 Swan, 442, that such facts constitute no waiver of the right to judgment by motion for an insufficient re''''!,. These authorities are conclusive of the question. The defendant in error is entitled to judgment on his motion.